UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:15-CR-00138-JRG |
| | ) | |
| vs. | ) | |
| | ) | |
| DARRIES LEON JACKSON, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to 28 U.S.C. § 636 and standing orders of the District Court. Defendant Darries Leon Jackson has filed a motion for the recusal of United States District Court Judge Ronnie Greer. [Doc. 56]. The Pretrial Conference was conducted on October 18, 2016. The motion is now ripe for consideration.

In his motion, Jackson asserts that Judge Greer should be recused from presiding over this case as he denied and dismissed previously civil suits that Jackson initiated. Furthermore, Judge Greer currently is assigned to an active civil case Jackson filed. Jackson averred during the hearing that he believes Judge Greer will also likely dismiss the pending case. He failed to provide any specific basis for that allegation. Further, Jackson contends that because of "negative encounters" between the two, he does not believe Judge Greer would conduct an unbiased trial. Jackson did not provide any elaboration or details concerning these alleged "negative encounters."

Section 455 of Title 28 of the United States Code provides that

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

1

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

The Sixth Circuit has instructed that "[p]rejudice or bias in this context means a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it rests upon knowledge that the subject ought not possess . . . , or because it is excessive in degree. . . ." *Kissner v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016). "[A] judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999).

However, "[a]dverse rulings against a party do not in themselves provide a basis for disqualification." *United States v. Hynes*, 467 F.3d 951, 960 (6th Cir. 2006); *see Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). "Even if a ruling against [a party] in a prior case was erroneous, that alone would be insufficient to warrant recusal." *Burnett v. Lyon*, No. 2:06-CV-295, 2007 WL 1284940, at *1 (W.D. Mich. Apr. 30, 2007) (citing *Yagman v. Republic Ins.*, 987 F.2d 622, 626-27 (9th Cir. 1993).

In the instant matter, the only bases for Jackson's requested recusal are the fact that Judge Greer has previously dismissed Jackson's civil suits and for perceived "negative encounters." Knowing these circumstances, a reasonable, objective person would not question Judge Greer's impartiality. *See Hartsel*, 199 F.3d at 820. Without more, Jackson has failed to prove that Judge Greer possesses any bias against him and that recusal is necessary.

Accordingly, this Court respectfully RECOMMENDS that Jackson's motion for recusal [Doc. 56] be DENIED.[1]

SO ORDERED:

s/Clifton L. Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).

3